USCA1 Opinion

 

 January 17, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1741 MUSHEER HASAN, Plaintiff, Appellant, v. RED AND WHITE CAB COMPANY, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ___________________ Musheer Hasan on brief pro se. _____________ Stephen M. Ouellette and Cianciulli & Ouellette on brief for ____________________ ______________________ appellee. __________________ __________________ Per Curiam. Appellant Musheer Hasan appeals from __________ the dismissal by the district court of his complaint. The court dismissed the action as frivolous under 28 U.S.C. 1915(d). Upon a review of the record and the briefs and filings of the parties, we agree with the court that the action lacked "an arguable basis" in law. See Neitzke v. ___ _______ Williams, 490 U.S. 319, 325 (1989). In so doing, we ________ emphasize that appellee Red & White Cab Co., as a private entity, cannot be sued for alleged constitutional violations under 42 U.S.C. 1983. See Jackson v. Metropolitan Edison ___ _______ ___________________ Co., 419 U.S. 345, 350 (1974) (the fact that a business may ___ be subject to state regulation is not enough to turn its actions into those of the state for purposes of a civil rights suit). Further, under the Americans with Disabilities Act, a person such as appellant may not assert a cause of action for damages. The Act specifies that the remedies set forth in 42 U.S.C. 2000a-3(a) are the ones available for violations of the Act. See 42 U.S.C. 12188(a)(1). In ___ turn, 2000a-3(a) provides for an action for "preventive relief," including requests for injunctions or temporary restraining orders. Damages are not a remedy under 2000a- 3(a). Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, ______ _____________________________ 402 (1968) (per curiam). -2- Finally, if the district court had no jurisdiction with respect to the federal claims, it appropriately refused to take jurisdiction of the state breach of contract and statutory claims. See United Mine Workers v. Gibbs, 383 U.S. ___ ___________________ _____ 715, 726 (1966). Based on the foregoing, we affirm the judgment of ______ the district court. Accordingly, appellant's pending motions are denied as moot.  ______ -3-